# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

SHERRI DELOAN MOREHEAD,                                                                      PLAINTIFF

v.                                          4:15-cv-00727-JLH-JJV

CAROLYN W. COLVIN,
Acting Commissioner, Social
Security Administration,                                                                     DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, Sherri Morehead, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The parties filed their respective briefs, and the case is ready for a decision.

This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. §405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff bears the burden of establishing a physical or mental impairment that has lasted twelve months or more and has prevented her from engaging in any substantial gainful activity. 42 U.S.C. §§ 423 (d)(1)(A); 1382c(3)(A)(B). The only disputed issue in this case is whether Plaintiff

is disabled within the meaning of the Social Security Act. Here, this issue turns on the proper weight and consideration which should be given to Plaintiff's treating doctor.

In support of her Complaint, Plaintiff argues that the ALJ failed to give fair consideration to the medical evidence provided by her treating physician, Columbus Brown, IV, M.D. (Pl.'s Br. 7-8.) Plaintiff argues her treating physician's opinions generally should be accorded substantial weight. *E.g., Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993); *Prince v. Bowen*, 894 F.2d 283, 285 (8th Cir. 1990); *see Richmond v. Shalala*, 23 F.3d 1441, 1443 (8th Cir. 1994) (a treating physician's opinion concerning the physical limitations of a claimant is entitled to substantial weight). Although this decision is a close call, I agree with Plaintiff.

In 2012, Dr. Brown provided a letter stating mainly that Plaintiff was limited in her ability to sit, stand, and walk for extended periods of time. (Tr. 546.) Dr. Brown's opinion appears to give a fair assessment of Plaintiff's abilities - based on the treatment records - without overstating his case. His opinion is also consistent with the ALJ's residual functional capacity assessment that Plaintiff can perform a reduced range of sedentary work. (Tr. 85.)

But then in 2014, Dr. Brown stated, "Ms. Morehead is a patient of mine who is being treated for chronic low back pain and osteoarthritis. Due to these conditions, it is my opinion that she would not be able to maintain gainful employment due to the severity of her daily pain and the associated fatigue." (Tr. 695.) Dr. Brown says the medications Ms. Morehead takes cause fatigue and drowsiness and "would impair her ability to concentrate." (*Id.*) Dr. Brown further states, "If required to work, she would have to take frequent breaks (at least one an hour) as [*sic*] would be significantly restricted from repetitive action due to the risk of exacerbating her chronic pains." (*Id.*)

The ALJ gave Dr. Brown's first opinion - the opinion consistent with the ALJ's decision - great weight. (Tr. 88.) He stated, "Because Dr. Brown has a long treating relationship with the

claimant he has more insight into the nature of the claimant's impairments and the limitations that they impose. . . ." (Tr. 88.)

However, the ALJ gave little weight to Dr. Brown's second opinion. He discounted the second opinion because treatment notes say Plaintiff appeared to have "fair symptom control" and "tolerable pain." (*Id.*) Additionally, the ALJ noted that Plaintiff "described being able to shop for groceries for two-hour periods, which contradicts Dr. Brown's limitation that the claimant must rest every hour." (*Id.*) Lastly, the ALJ says, ". . . Dr. Brown is not specific as to how 'significantly restricted' the claimant is from performing repetitive tasks." (*Id.*)

The ALJ makes fair points and his decision is well reasoned in many respects. I do not take lightly remanding this case back to the Commissioner.[1] For example, the ALJ correctly notes that Dr. Brown reports "tolerable pains and a satisfactory course with fair, overall, symptom control." (Tr. 696 & 699.) However, Dr. Brown also reports "associated symptoms include: fatigue, headaches, poor sleep, and weight loss." (*Id.*) He also notes that Plaintiff reports pain at level of 7 or 8 out of 10 most days and lists a whole host of medications she is prescribed. (Tr. 696-702.) And while Plaintiff's credibility is in dispute, at least one state agency medical consultant appears to believe her subjective complaints of pain. (Tr. 136-138.)

With regard to Plaintiff's ability to grocery shop for two hours, I find it very difficult to give much weight to this one statement when viewed in its overall context. (Tr. 222-229, 237-245.) Moreover, Plaintiff made this statement close in time to Dr. Brown's first opinion. (Tr. 229, 245, 546.) Dr. Brown's second opinion was given fifteen months later. Given Plaintiff's history, as recited by her medical records, it is reasonable to conclude her condition was worsening as it had

---

[1] The Commissioner's counsel also makes persuasive arguments, making my decision a close call.

4

done in the past. (Tr. 338.)

Finally, it is difficult to accept a conclusion that Dr. Brown's first opinion deserves deference but not his second. He deserves deference in both instances, Because as the ALJ aptly stated, "Dr. Brown has a long treating relationship with the claimant he has more insight into the nature of the claimant's impairments and the limitations that they impose." (Tr. 88.)

So while it is Plaintiff's burden to prove her disability, I find Ms. Morehead has provided sufficient basis to call into question the ALJ's conclusion that she is capable if performing sedentary work. On remand, the Commissioner should more fully consider the opinions of Plaintiff's treating and evaluating doctors. Additionally, the Commissioner should reconsider the conclusions regarding Plaintiff's activities of daily living.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be reversed and this case be remanded for proceedings consistent with this opinion. This would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Dated this 2nd day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE